UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMAR JUAN HERNANDEZ, | 1:12-CV-00133 AWI GSA HC |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| MARTIN BITER, Warden, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### BACKGROUND[1]

Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation confined at Kern Valley State Prison. Petitioner challenges a prison disciplinary hearing held on December 4, 2009, in which he was found guilty of battery on an inmate. As a result, he was confined to quarters for ten days and placed in the prison's Secured Housing Unit ("SHU") for one year. Petitioner administratively appealed the decision and also filed petitions for writ of habeas corpus in the state courts.

---

[1] This information is taken from the Petition for Writ of Habeas Corpus.

On January 30, 2012, Petitioner filed the instant federal habeas petition in this Court. He contends he was found guilty in violation of his due process rights.

**DISCUSSION**

I.  Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. See Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

II.  Failure to State a Claim

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to a judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution. His claims for relief arise out of a disciplinary hearing held at Pleasant Valley State Prison. At the time of filing of the instant petition, Petitioner was housed at Kern Valley State Prison which is located within the jurisdiction of this Court. 28 U.S.C. §§ 2254(a), 2241(d). If a constitutional violation has resulted in the loss of time credits, such violation affects the duration of a sentence, and the violation may be remedied by way of a petition for writ of habeas corpus. Young v. Kenny, 907 F.2d 874, 876-78 (9th Cir. 1990).

As previously stated, Petitioner challenges a prison disciplinary hearing held in 2009 in which he was found guilty of battery on an inmate. Petitioner sustained a loss of privileges and was placed in the SHU for one year; however, the hearing did not result in the loss of any time credits. Insofar as any relief this Court could grant with respect to the hearing would not affect the duration of Petitioner's sentence, any claim concerning that hearing is not cognizable in a federal habeas action. Therefore, the petition should be dismissed for failure to state a cognizable claim.

# RECOMMENDATION

Accordingly, IT IS HEREBY RECOMMENDED that the petition be DISMISSED WITH PREJUDICE for failure to state a claim.

This Findings and Recommendation is submitted to the assigned District Judge, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty days after service of this Findings and Recommendation, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   April 16, 2012               /s/ Gary S. Austin
                                   UNITED STATES MAGISTRATE JUDGE